# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

KAREN MOUTRY, a/k/a Karen Moutry-Pelham,

            Debtor.

Case No. A12-00409-DMD
Chapter 13

**Filed On 7/2/12**

## MEMORANDUM REGARDING COURT'S ORDER TO SHOW CAUSE
## WHY STAY SHOULD REMAIN IN EFFECT

On July 2, 2012, the debtor filed a chapter 13 petition with this court. On page 2 of her petition, she partially filled out the "Certification by a Debtor Who Resides as a Tenant of Residential Property." She checked the box that indicates that a landlord has a judgment against her for possession of her residence. She also checked the box which states that, under applicable nonbankruptcy law, there are circumstances under which she would be permitted to cure the monetary default and remain in the premises. However, the debtor has not deposited 30-days worth of rent with the court, nor has she served her landlord with her certification.

The court notes that this is the third time in three years that the debtor has filed a chapter 13 petition in this court. Her first petition, filed precisely two years ago on July 2, 2010, was dismissed just one month later on the United States Trustees' standing motion to dismiss.[1] Her second chapter 13 petition was filed on April 21, 2011, and was dismissed on October 6, 2011.[2] In this second case, the debtor's mortgage lender, RMS Residential

---

[1] *In re Moutry*, Case No. A10-00570-DMD.

[2] *In re Moutry-Pelham*, Case. No. A11-00312-DMD.

Properties, LLC, obtained relief from stay with regard to residential real property located at 221 East 13th Avenue, Anchorage, Alaska.[3] The debtor had listed this mortgage debt on her Schedule A, but had indicated that SLS Specialized Loan Servicing, LLC, was the lender. This is the same entity that the debtor, in the instant case, identifies as her "landlord."

When a debtor files a bankruptcy petition, the automatic stay provisions of 11 U.S.C. § 362(a) arise. There are exceptions to the stay, however. One such exception exists for "any act to enforce any lien against or security interest in real property" if an order granting relief from stay was entered as to such real property "in any prior case under this title for a period of 2 years after the date of the entry of such an order."[4] Under such circumstances, the stay will not apply unless the debtor seeks relief from the earlier order based on "changed circumstances or for other good cause shown."[5] It appears to the court that this provision might be applicable here.

Further, the automatic stay will not apply in instances where a residential landlord has obtained a judgment of possession against the debtor before the debtor files bankruptcy.[6] If the debtor/tenant wishes to remain in the leased property after filing bankruptcy, she must satisfy the conditions set out in 11 U.S.C. § 362(l), which include the filing of a certification which states that "under nonbankruptcy law . . . there are

---

[3] *Id.*, Docket No. 46.

[4] 11 U.S.C. § 362(b)(20).

[5] *Id.*

[6] 11 U.S.C. § 362(b)(22).

2

circumstances under which the debtor would be permitted to cure the monetary default."[7] The debtor must also deposit any rent that would become due during the 30-day period after the bankruptcy filing.[8] Here, assuming that the debtor is a tenant rather than a mortgagee as to the subject real property, she has not satisfied the requirements of § 362(l)(1)(B) by making the required deposit of rent.

For the foregoing reasons, the court will schedule a hearing at which the debtor shall show cause, if any she has, why the stay should remain in effect as to SLS Specialized Loan Servicing, LLC, or as to the deed of trust encumbering the real property located at 221 East 13th Avenue in Anchorage, Alaska. An order will be entered consistent with this memorandum.

DATED: July 2, 2012

BY THE COURT

 /s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve: Debtor, Pro Se
R. Ullstrom, Esq. (courtesy copy)*
SLS Specialized Loan Servicing, LLC, 8742 Lucent Blvd., #300, Littleton, CO 80129
L. Compton, Trustee
U. S. Trustee

\* - √ *courtesy copy served on Mr. Ullstrom 7/2/12 via email* - aam

07/02/12

---

[7] 11 U.S.C. § 362(l)(1)(A).

[8] 11 U.S.C. § 362(l)(1)(B).

3